IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH KNANISHU,   No. CIV S-10-2171-CMK-P

    Petitioner,

  vs.   ORDER

ANTHONY HEDGPETH,

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).  Pending before the court is respondent's unopposed motion to dismiss (Doc. 12) the petition as untimely.[1]

/ / /

/ / /

/ / /

---

[1] Respondent also argues that the petition contains unexhausted claims.

1

1           Petitioner was convicted of lewd and lascivious conduct upon a child under the
2    age of 14, and of dissuading a witness. He was sentenced on May 24, 2007, to a determinate
3    prison terms of 10 years. Petitioner's conviction and sentence were affirmed on direct appeal by
4    the California Court of Appeal on December 10, 2008. The California Supreme Court denied
5    review on February 18, 2009. Petitioner did not seek certiorari in the United States Supreme
6    Court or file any state court post-conviction actions. The instant petition was filed on August 13,
7    2010.

8           Federal habeas corpus petitions must be filed within one year from the later of:
9    (1) the date the state court judgment became final; (2) the date on which an impediment to filing
10   created by state action is removed; (3) the date on which a constitutional right is newly-
11   recognized and made retroactive on collateral review; or (4) the date on which the factual
12   predicate of the claim could have been discovered through the exercise of due diligence. See 28
13   U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court
14   judgment becomes final by the conclusion of direct review or expiration of the time to seek direct
15   review. See 28 U.S.C. § 2244(d)(1).

16          Where a petition for review by the California Supreme Court is filed and no
17   petition for certiorari is filed in the United States Supreme Court, the one-year limitations period
18   begins running the day after expiration of the 90-day time within which to seek review by the
19   United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).
20   Statutory tolling under 28 U.S.C. § 2244(d)(2) is inapplicable in this case because petitioner did
21   not file any state court post-conviction actions.

22          The court agrees with respondent that the instant petition is untimely. The
23   conviction and sentence became final 90 days after the California Supreme Court denied direct
24   review. The limitations period began to run the following day, or on May 19, 2009. Petitioner
25   filed his federal petition on August 13, 2010, which is more than one year after May 19, 2009.
26   / / /

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability.  Before petitioner can appeal this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  See Fed. R. App. P. 22(b).  Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)).  For the reasons set forth above, the court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (Doc. 12) is granted;

2. The court declines to issue a certificate of appealability; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: February 25, 2011

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE